IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CEDRIC GREENE,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **WEINGART CARE FIRST VILLAGE,** | ) CIVIL ACTION NO. 5:24-CV-255 (MTT) |
| **Defendant.** | ) |

## ORDER

Pro se plaintiff Cedric Greene filed his complaint (Doc. 1) and moved to proceed *in forma pauperis* ("IFP") on July 26, 2024.[1] Doc. 2. On January 10, 2025, the Court granted Greene's motion to proceed IFP and ordered Greene to show cause within twenty-one days why his complaint should not be dismissed for lack of personal and subject matter jurisdiction. Because Greene has failed to show cause, this case is dismissed for lack of subject matter jurisdiction.[2]

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See id*. A party seeking relief in the district court must at least plead facts that bring the suit within the

---

[1] On August 5 and 7, 2024, without leave of Court, Greene filed "amended complaints." Docs. 3; 4. Greene's first two "complaints," however, were not complaints but "requests for judicial notice" (Docs. 1; 3), and therefore the Court cites to Greene's only complaint, Doc. 4.

[2] The Court also notes that Greene has not provided any basis for the Court to exercise personal jurisdiction over Weingart Care First Village or to find that venue exists in this district given that all relevant events occurred in Los Angeles.

court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).  A federal court has the independent duty to ensure that it has subject matter jurisdiction and may take up the issue of such jurisdiction on its own.  *McIntosh v. Royal Caribbean Cruises, Ltd*, 5 F.4th 1309, 1312 (11th Cir. 2021).  Before doing so, a court must give the parties notice and an opportunity to present their views on the issue.  *Id*.

Despite notice and an opportunity to show cause, Green has failed to establish this Court's subject matter jurisdiction.  Greene's complaint asks the Court to "accept" jurisdiction pursuant to 28 U.S.C. § 1331 "federal question" jurisdiction.  Doc. 4 at 3.  "It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182 (1936).  Here, Greene not only fails to cite any federal authority or allege facts essential to show jurisdiction, but the Court cannot discern a federal claim against Weingart that would allow him to proceed in federal court under 28 U.S.C. § 1331.[3]

For the foregoing reasons, this matter is **DISMISSED without prejudice**.

**SO ORDERED**, this 3rd day of February, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Although Greene does not plead diversity jurisdiction, he has nonetheless failed to establish it.  The Court can surmise no information from Greene's complaint as to Weingart's citizenship.  Moreover, Greene states that he will "seek monetary damages at an amount that will be detailed at a later date" Doc. 4 at 3), providing no basis for the Court to conclude that the jurisdictional minimum to bring suit in federal court has been met.  *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018) ("[W]hen the plaintiff pleads an unspecified amount of damages, it bears the burden of proving by a preponderance of the evidence that the claim on which jurisdiction is based exceeds the jurisdictional minimum.").